**Martha C. Reynolds, Appellant, v. Albert G. Crawford, Appellee.**

ADMINISTRATION OF ESTATES—*when executor liable to account.* *Held,* under the evidence in this case, that a particular estate fund was held in the capacity of executor and not in that of agent of the person entitled to the same as her distributive share of such estate.

Objections to executor's report. Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded, with directions. Opinion filed April 21, 1908.

T. T. BEACH, WILLIAMS & WILLIAMS and WILLIAM MUMFORD, for appellant.

RAY N. ANDERSON, JEFFERSON ORR and BEN H. MATTHEWS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

In September, 1906, Albert G. Crawford, appellee, filed in the County Court of Pike county a petition asking to be discharged as the executor of the will of Margaret Dodge, deceased. Appellant, Martha C. Reynolds, by the terms of the said will, became entitled upon settlement of the estate to a special legacy of $1,000, and as residuary legatee the sum of $817.43 as her distributive share of the estate. In his said petition appellee reported that as agent, adviser and attorney of appellant he had "transferred from his hands as executor of said estate with her consent into his hands and collected as her agent, adviser and attorney her legacy and distributive share amounting to the sum of $1,817." The County Court overruled objections filed by appellant to the report, approved the same and discharged appellee as executor. Appellant then appealed to the Circuit Court, where a like order was entered, to reverse which she again appeals.

The material facts involved, briefly stated, are as follows: Prior to the year 1907 appellant had placed in the hands of appellee, who was her nephew and a practicing lawyer in Pike county, various sums of money, with directions to keep the same loaned out, collect the interest and pay the same to her as she should call for it. In 1897 Margaret Dodge, a sister of appellant, died, leaving a will of which appellee was appointed executor. In October, 1902, he paid to the other legatees their distributive shares of the estate of his testatrix but retained that of appellant, which amounted to $1,817, and is the subject of the present controversy. There is no direct proof that this latter fund was to be retained by appellee under the former or a similar arrangement. Appellee never filed an inventory as the executor of

the will of Margaret Dodge nor made report to the County Court of his acts and doings as such. In 1906 he was duly declared a bankrupt by the United States Court.

Appellee contends that with reference to the Dodge estate the dual relation of principal and agent and of executor and distributee existed between appellant and himself; that having occupied such dual capacity of executor and agent, after the lapse of a reasonable length of time the legal presumption should be indulged that he held money due his principal from the estate in the capacity of agent; and that such agency was established by the long-continued course of dealing between himself and appellant in transactions of a similar nature to that under consideration. Appellant insists that appellee never in fact attempted to transfer in any way the money in question from himself as executor to himself as agent, and that even if he made such an attempt the same was ineffectual.

The only evidence of the alleged transfer was the testimony of appellee, who testified in substance that in October, 1902, being the time he claimed to have distributed the assets of the Dodge estate, he charged himself in his account with appellant with the amount due her in lieu of money and retained notes belonging to said estate. He was unable to describe such notes but stated that instead of indorsing them to appellant he attached to them a memorandum upon which her name was written. He further testified that the paper transfer of the account was made upon a pocket ledger which he had since lost; that the notes in question were afterward collected and the proceeds used by him; that he was unable to state whether at the time he was solvent; that subsequent to the year 1902 he had paid to appellant on account of interest on funds held by him for her over $1,000 but that such payments were not made out of any particular fund; that he took no receipts therefor and that at the time of his adjudication as a bankrupt he was indebted to appellant in the sum of about $9,000.

The testimony of appellee as to the manner and details of the alleged transfer is exceedingly indefinite, and to some extent contradictory and unreasonable. He was at the time of mature age and an experienced lawyer of considerable practice. The irregular manner in which the transfer was claimed to have been made, his failure to remember even generally the names of the makers and the amounts of any of the notes he claimed to have transferred to appellant or as to whether he received any cash on account of her share; the loss of his book account, his failure during the years which elapsed from the time the assets of the Dodge estate came into his hands until his attempted final settlement to respond to appellant's repeated and persistent demands for an accounting or statement as to her interest in the Dodge estate; his failure upon making the alleged transfer to report the fact to her or to the County Court, or to take from her any receipt or instrument evidencing the same, are so inconsistent with the usual business methods and conduct of a skilled lawyer, experienced not only in the practice of law but in general business affairs, tend to create a doubt as to whether the funds of the estate were intact in the hands of appellee in October, 1902, or whether the transfer in the manner and form as claimed was in fact made. But if it be conceded that such transfer was effected in the manner claimed, we are nevertheless of opinion that the same did not operate to discharge the liability of appellee as executor. He admits that on October 8, 1902, he had in his hands as executor the distributive shares in question. The evidence fails to establish a general agency under and by which he had general power or authority to transfer or retain the same. The burden was thus cast upon him to establish his contention that the transfer to himself as agent was made with the consent of appellant either express or implied.

The facts involved in the case of Bell v. People, 94 Ill. 230, relied upon by appellee are radically different

from those in the present case. There the delinquent official, Frick, had qualified and was acting as guardian at the time it became his duty to close administration and retain the share of his ward as such guardian. It was not essential that he should settle with or account to his ward as an heir. A memorandum book kept by him was introduced in evidence which showed that after the time the administration of the estate was practically closed he kept in such a book a statement of account with said ward from which it appeared that he had charged himself with the amount due her from the estate. It is there held that it was not indispensable that there should have been an order of the County Court for the transfer of the funds remaining in the hands of Frick as administrator to himself as guardian, but that in such case, after reasonable time had elapsed, it would be presumed that he treated the funds in his hands as belonging to his ward and held the same in the capacity of guardian; that inasmuch as under the circumstances it became the duty of the administrator under the statute to make such transfer to himself as guardian, the principle that what the law enjoins upon the administrator to do shall be considered as done, became applicable, and that the transfer would therefore be held to have been made by operation of law.

In the present proceeding it is manifest that no legal duty was imposed upon appellee by statute or otherwise to transfer the fund in his hands to himself as agent for appellant. No dual official capacities existed. The only duty resting upon him was a compliance with the statute by paying over to appellant her distributive share of the estate or in some proper way accounting to her for the same. The legal presumption invoked is therefore inapplicable. It does not appear from the greater weight of the evidence that appellant at any time either expressly or impliedly agreed or consented that he should retain the fund in controversy as her agent or that she knowingly ratified such reten-

tion, nor that her conduct was such as to estop her to deny that such was the fact.

The judgment is accordingly reversed and the cause remanded, with directions to the Circuit Court to require appellee to re-state his account as executor, and to therein charge himself with the sum of $1,817.43, being the amount of the distributive share of appellant in the estate of Margaret Dodge, deceased, together with interest as provided by section 114 of the act entitled "Administration."

*Reversed and remanded with directions.*